IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. **3:20-cr-122-L** |
| | § | |
| ALEOGHENA OKHUMALE (4) | § | |

## MEMORANDUM OPINION AND ORDER

On May 15, 2020, the Fifth Circuit issued an Opinion (Doc. 101), vacating this court's Memorandum Opinion and Order of April 7, 2020 (Doc. 75), which denied Defendant Aleoghena Okhumale's ("Defendant" or "Mr. Okhumale") Amended Motion to Revoke Detention Order ("Motion") (Doc. 55), and remanding this action for further proceedings consistent with its Opinion. Specifically, the Fifth Circuit noted that the court was free on remand to reconsider its flight-risk ruling if it chooses to do so. In light of the Fifth Circuit Opinion, the court allowed the parties to submit supplemental briefing on this issue. Neither party did so. Mr. Okhumale, however, filed a Motion for Pretrial Release/Home Confinement (Doc. 107) on May 22, 2020.

After additional review of the detention hearing transcript and the parties' briefing, and in light of the Fifth Circuit Opinion, the court **grants** Defendant's Amended Motion to Revoke Detention Order (Doc. 55), and Defendant's Motion for Pretrial Release/Home Confinement (Doc. 107).

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). Under the Bail Reform Act of 1984, "pretrial detention can be ordered only in a case that involves one of the circumstances listed in [18 U.S.C.]

§ 3142(f) and in which the judicial officer finds, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." *United States v. Zaccaria*, 347 F. App'x 984, 985 (5th Cir. 2009) (citing *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992)) (internal quotations and citations omitted).

As a threshold matter, and in accordance with the guidance in *Byrd*, the Government must demonstrate that one of the circumstances listed in Section 3142(f) applies, which warrants a detention hearing. Section 3142(f) provides in pertinent part:

> (f) Detention hearing. The judicial officers shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community-
> 
>   (1) upon motion of the attorney for the Government, in a case that involves-
> 
>     (A) a crime of violence;
> 
>     (B) an offense for which the maximum sentence is life imprisonment or death;
> 
>     (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or [the Maritime Drug Enforcement Act (46 U.S.C.App. 190146 U.S.C.App. 1901 et seq.) ]; or
> 
>     (D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been defenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
> 
>   (2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves-
> 
>     (A) a serious risk that the person will flee; or

>> (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, inure, or intimidate, a prospective witness or juror.

Once the Government proves that one of these circumstances applies, the court can only order pretrial detention only if it also finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. Thus, in the Fifth Circuit, "a defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention." *Byrd*, 969 F.2d at 110.

"[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person or the community," a court must consider: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and the seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In determining whether a defendant is a flight risk, the court must determine by a preponderance of the evidence that no condition or combination of such will reasonably assure the defendant's appearance. *Fortna*, 769 F.2d at 250. "With respect to the quantum or character of proof, . . . the Act provides that the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure *the safety* of any other person and the community shall be supported by clear and convincing evidence." *Id.* (quoting § 3142(f)) (internal quotation marks omitted).

The Government filed a motion for detention pursuant to 18 U.S.C. § 3142(f)(2), asserting that there was a serious risk that Mr. Okhumale would flee. It did not assert that any other basis for a detention hearing outlined in Section 3142(f) applied. Thus, the court must determine whether the Government proved by a preponderance of the evidence that there is a serious risk that

**Memorandum Opinion and Order – Page 3**

Defendant will flee and that no condition or combination of conditions would reasonably assure his appearance. The court has already determined that the Government failed to prove that Defendant was a flight risk, and nothing has been presented to the court to convince it to change its determination. Moreover, the Fifth Circuit did not hold that the court's determination on this issue was incorrect.

After conducting additional review of the Defendant's objections, the parties' arguments, the detention hearing transcript, and the Magistrate Judge's detention order, the court again determines that the Government has failed to prove by a preponderance of the evidence that Defendant is a flight risk. There is always a concern that an individual on electronic monitoring may remove the monitor and leave his place of confinement, which the undersigned has observed in some cases. This, however, does not tip the scale in establishing that Mr. Okhumale is a flight risk. While the court also determined, in agreement with Magistrate Judge Toliver, that Defendant poses a risk to the safety of the community given his alcohol problem, this alone is insufficient to warrant detention under the precedent established in *Byrd*.

As the Government has failed to meet its burden under Section 3142(f), and it asserts no other ground for detention under that provision, the court determines that pretrial detention is not warranted and, accordingly, **grants** Defendant's Amended Motion to Revoke Detention Order (Doc. 55). For this reason, Mr. Okhumale should be placed on pretrial release pending trial. Additionally, in light of the court's revocation of the detention order, the court also **grants** Defendant's Motion for Pretrial Release/Home Confinement (Doc. 107). Accordingly, the court **orders** Mr. Okhumale to appear before the duty Magistrate Judge, and **directs** the Magistrate Judge to set his conditions of release, which will include the following:

(1) Defendant shall be placed on home confinement with electronic monitoring;
(2) Defendant shall be prohibited from operating a motor vehicle; and

(3) Defendant shall refrain from the use of alcohol and illegal drugs, and submit to random testing for such substances.

These conditions shall be imposed in addition to the standard conditions of pretrial release and any other conditions that the Magistrate Judge deems warranted.

**It is so ordered** this 29th day of May, 2020.

                                          Sam A. Lindsay
                                          United States District Judge